# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  v.  )<br>  )<br>TIMOTHY HARRELL,  )<br>  )<br>  Defendant.  )  | Case No. 06-CR-20054 |

## OPINION

On April 24, 2007, Defendant Timothy Harrell was sentenced to 262 months in the Federal Bureau of Prisons for one count of possession of 50 or more grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On December 11, 2008, the Seventh Circuit Court of Appeals issued a limited remand in this case asking this court to "take another look at the case to advise us whether he would be inclined to reduce Harrell's sentence under the dispensation granted sentencing judges by Kimbrough [v. United States, 128 S.Ct. 558 (2007)]." United States v. Harrell, No. 07-2027 (7th Cir. Dec. 11, 2008). Attorney Elisabeth Pollock was appointed to represent Defendant for the purpose of the limited remand on January 21, 2009. On March 2, 2009, Defendant filed his Position Statement in Response to Court's Order of December 17, 2008 (#47). On April 1, 2009, the government filed its Position (#48) and Defendant filed his Reply (#50) on April 7, 2009. For the following reasons, the court declines to reduce Defendant's sentence.

BACKGROUND

On September 8, 2006, Defendant was indicted on one count of possession of 50 or more grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), a charge that carried a statutory maximum penalty of life in prison. He plead guilty to this count on December 21, 2006, before Magistrate Judge David G. Bernthal. This court accepted Defendant's guilty plea on January 11, 2007.

Defendant was sentenced on April 24, 2007. At sentencing, Defendant was held responsible for 114.7 grams of powder cocaine and 78 grams of crack, resulting in a marijuana equivalency of 1,582.94 grams with a base offense level of 32. Three points were then deducted for Defendant's plea and acceptance of responsibility. However, Defendant had two prior felony offenses that were either crimes of violence or drug offenses, making him a Career Offender under U.S.S.G. § 4B1.2(b). The offenses were two residential burglaries from Cook County and were crimes of violence. Under U.S.S.G. § 4B1.1(b)(B), the offense level for an offense with a statutory maximum penalty of life in prison when one is a career offender is 37, and then is reduced by 3 for acceptance of responsibility. Thus, due to the career offender guideline, Defendant's offense level was 34. As this was greater than the offense level of 29 without the career offender enhancement, the career offender level applied. Combined with Defendant's criminal history category of VI, the guideline range became 262 to 327 months in the Federal Bureau of Prisons. Defendant was sentenced at the bottom of the guideline range to 262 months in the FBP.

On December 11, 2008, the Seventh Circuit decided Defendant's appeal in United States v. Harrell, No. 07-2027 (7th Cir. Dec. 11, 2008). The court concluded that since Defendant was

sentenced as a career offender, Kimbrough had no direct effect on his case. However, the Seventh Circuit went on to state:

"We say no 'direct effect' because recently in United States v. Liddell, 543 F.3d 877 (7th Cir. 2008), we determined that judges may apply their discretion under Kimbrough to the career offender guideline. Courts may not disregard § 4B1.1, but after correctly making the calculations, they may issue a below-guidelines sentence based on the crack/powder cocaine disparity. We emphasized that all the guidelines, even § 4B1.1, which is dependent upon a statute, are advisory, not mandatory. The argument Harrell now has– which he did not make either in the district court or on appeal– would be that the sentencing judge should be asked whether he would be inclined to depart from the career offender guidelines because of the crack/cocaine disparity.

Even though Harrell did not make the argument, the government acknowledges that the broader holding of Kimbrough could have implications for the reasonableness of his sentence. The government also acknowledges that a sentencing court is no longer precluded from imposing a nonguidelines sentence based on a policy disagreement with the career offender guideline. In fact, the government states that in some cases a limited remand would be appropriate so that the district judge may say whether he would have imposed a lower sentence had he anticipated the additional discretion afforded by Kimbrough." Harrell, No. 07-2027, at *3.

The Seventh Circuit then remanded the case to this court so that this court could advise the court of appeals of whether it would be inclined to reduce Defendant's sentence under the dispensation granted sentencing judges by Kimbrough and Liddell.

The court then asked the parties to file position papers on the matter.

## ANALYSIS

Defendant's Position

Defendant, citing Liddell, notes that although a district court does not have discretion to consider the crack/cocaine disparity in reducing a defendant's guideline range when he is sentenced as a career offender, it can consider the disparity as a reason for issuing a below-guidelines sentence. Defendant asks this court to reconsider his original 262 month sentence and sentence him below the applicable minimum guideline range to a term of 151 months.

In support of this request, Defendant argues that although the range was calculated at 262-327 months, the court is vested with the discretion to impose any sentence which is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(2). Defendant argues that if the entire amount attributed to him had been powder cocaine (192.7 grams) he would have been subject to a statutory maximum of 20 years (not life) under 21 U.S.C. § 841(b)(1)(C) and would have ended up with a base level of 32 under the career offender guideline and not the 37 he actually received. U.S.S.G. § 4B1.1(b). With a 3-level downward adjustment for the plea, and combined with a criminal history category of VI, Defendant's guideline range would have been 151-188 months.

Defendant also cited to the factors under 18 U.S.C. § 3553(a). His offense was non-violent and did not involve weapons. He has no serious prior drug convictions besides the present case. The prior felony residential burglaries occurred when he was a teenager (in 1997) and he only served 24 months total in an Illinois Department of Corrections boot camp. While in the boot camp he received his GED and Associate's Degree from Westwood College. He plans to continue his education while serving the instant sentence. Defendant concludes that considering the disparity caused by the 100:1 crack-cocaine ratio and his individual characteristics, a sentence of 151 months is appropriate and not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.

Government's Position

The government responds by noting that "the court of appeals stated this court 'may' exercise its discretion, not that it 'must' do so." The government urges the court to decline to exercise that discretion.

The government points out that Defendant is not just any career offender, but that the prior crimes were ones of violence and that they were for residential burglary, the second of which occurred shortly after Defendant was released from incarceration based on the first offense. Further, just four years after completion of parole for the burglaries and just two years after completion of court supervision for a marijuana offense, Defendant was charged in the instant case. Defendant was involved in the sale of crack and cocaine in the Champaign-Urbana area, during which he twice sold crack to a confidential source and was found in possession of a significant amount crack and cocaine and more than $2,000 in cash. The government believes the nature of this offense reflects an ongoing pattern of serious drug trafficking and this is not an isolated incident and that Defendant

is precisely the type of person the career offender guideline was designed for. Finally, the government notes Defendant is asking the court to reduce his sentence by 42%. This, the government argues, does not reflect a sentence based on consideration of the career offender guideline, but rather a complete disregard of it and that Kimbrough and Liddell provide no support for such an extraordinary guideline deviation, especially for someone with Defendant's history.

The Court's Ruling

The court has carefully considered the limited remand issued by the Seventh Circuit. Further, the court has carefully reviewed and considered the position advanced and argued by Defendant. However, upon review of the facts surrounding Defendant's case, the court agrees with the government and declines to exercise its discretion under Kimbrough to depart below the guideline range established for career offenders under the sentencing guidelines. The court is not inclined to reduce Defendant's sentence under the dispensation granted district court judges by Kimbrough and Liddell. The court believes the sentence fashioned by the guidelines and imposed at sentencing in April 2007 was appropriate for the seriousness of the crime and for someone with Defendant's criminal history.

IT IS THEREFORE ORDERED:

For these reasons, this court advises the United States Court of Appeals for the Seventh Circuit that it would have imposed the same sentence on Defendant even if it were aware that it could use its discretion to depart from the sentencing guidelines under Kimbrough and Liddell. The clerk is directed to transmit this Opinion to the Seventh Circuit Court of Appeals.

ENTERED this 14th day of April, 2009
**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE