E-FILED
Thursday, 23 May, 2019 04:31:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-cr-20054 |
| ) | |
| TIMOTHY HARRELL, ) | |
| ) | |
| Defendant. ) | |

# ORDER AND OPINION

This matter comes before the Court on Mr. Harrell's Motion (Doc. 62) for Reduced Sentence Under Section 404(b) of the First Step Act. The government agrees that Defendant is eligible for a reduced sentence, but disputes Defendant's requested sentence reduction. Doc. 64. This Order follows.

The Fair Sentencing Act of 2010 ("FSA") amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine a violation of 21 U.S.C. § 841(a) must involve to trigger mandatory minimums and accompanying statutory maximum sentences. Prior to the FSA, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum sentence, while an offense involving 5 grams triggered a 5-year mandatory minimum. Section 2 of the FSA amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams. It also amended § 841(b)(1)(B)(iii) by striking 5 grams from § 841(b)(1)(B)(iii) and inserting 28 grams. The FSA did not apply retroactively to defendants sentenced prior to August 3, 2010.

Section 404 of the First Step Act makes those changes retroactive. Section 404(a) defines a covered offense as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. Section 404(b) then states "a

court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

Here, Mr. Harrell is eligible for relief under the First Step Act because he was convicted of a covered offense that he committed before August 3, 2010. Mr. Harrell was originally sentenced to 262 months. As recalculated, Mr. Harrell has an amended base offense level of 34, amended total offense level of 31, amended Criminal History Category VI, amended range of 188–235 months, amended mandatory minimum of 5 years, and an amended term of supervised release of 4 years.

Mr. Harrell argues that he should not be sentenced as a career offender because "the Sentencing Commission has revised its view of whether residential burglary should be treated as a crime of violence. Compare U.S.S.G. § 4B1.2(a) (2018) with *id.* (2006)." Under non-career-offender guidelines, Mr. Harrell would be subject of a range of 57–71 months. However, the First Step Act does not authorize courts to impose an entirely new sentence as if the offender were being sentenced today: it merely authorizes courts to impose reduced sentences as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. In other words, courts applying the First Step Act may impose reduced sentences that apply the Fair Sentencing Act of 2010 (and no other law or change to the sentencing guidelines) retroactively. *See United States v. Coleman*, 2019 WL 1877229 at *7 (E.D. Wis., Apr. 26, 2019) (citing *United States v. Davis*, 2019 WL 1054554 at *2 (W.D.N.Y., Mar. 6, 2019); *United States v. Potts*, 2019 WL 1059837 at *2 (S.D. Fla., Mar. 6, 2019)).

Upon review of the record, this Court finds that a sentence reduction in this case is warranted. To date, Mr. Harrell has served approximately 152 months and has earned good conduct time, with what the government recognizes as a "remarkably clean disciplinary record" and numerous program completions, including a drug education program. The Court hereby reduces Mr. Harrell's sentence to 188 months[1] and reduces Mr. Harrell's supervised release term to 4 years, with the same conditions as previously imposed.

Signed on this 23rd day of May, 2019,

/s James E. Shadid
James E. Shadid
United States District Judge

---

[1] In the event that this reduction in sentence qualifies Mr. Harrell for immediate release, the Court grants a delay of Mr. Harrell's release for ten calendar days from the date of this Order to enable the Bureau of Prisons to comply with statutes such as 18 U.S.C. §§ 3771, 4042(b, c), 4248.